IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MURRAY,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant.<br>_____/ | No. C-04-3707 MMC<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; VACATING HEARING**<br><br>(Docket No. 24) |

      Before the Court is the motion for summary judgment filed October 21, 2005 by defendant United States of America. Plaintiff James Murray ("Murray") has filed opposition to the motion; defendant has filed a reply. Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for decision without oral argument, see Civil L.R. 7-1(a), and hereby VACATES the December 16, 2005 hearing.

      Defendant contends the dispositive issue for purposes of the instant motion is whether Cesar Delrosario, the driver of the United States Postal Truck involved in the accident in question, was lawfully in the intersection at the time the traffic light facing him turned red. Specifically, defendant argues, if Delrosario lawfully entered the intersection on a flashing yellow light, Murray was required to yield the right of way to him. See Cal. Veh. Code § 21451(a).

Defendant has not demonstrated as a matter of law, however, that it has no liability for the accident in question. Even assuming Murray has not submitted sufficient evidence to contradict Delrosario's statement that he entered the intersection on a flashing yellow light, (see Martikan Decl. Ex. B (Delrosario Dep.) at 15:21-16:2),[1] neither party has addressed California Vehicle Code § 21457(b), which sets forth the circumstances under which a driver facing a flashing yellow light may enter and proceed through an intersection. Pursuant to § 21457(b), when a driver faces a flashing yellow light, he is permitted to proceed through the intersection or past the signal "only with caution." See Cal. Veh. Code § 21457(b). On the record presented, a reasonable trier of fact could find that Delrosario failed to act "with caution" in entering and/or proceeding through the intersection behind two other cars, both of which were making a left turn southbound onto the Embarcadero, as it is undisputed that, by reason of traffic proceeding southbound on the Embarcadero, all three cars were required to wait in the intersection "[q]uite a long time" before the two cars in front of Delrosario were able to make a left turn. (See Martikan Decl. Ex. B (Delrosario Dep.) at 15:21-16:2.) Consequently, a reasonable trier of fact could conclude that defendant is liable, either in whole or in part, for the accident. See Cal. Veh. Code §§ 21457(b), 21451(a); see also Li v. Yellow Cab Co., 13 Cal. 3d 804, 810 (1975) (rejecting "'all or nothing' rule of contributory negligence" in favor of comparative fault).

Accordingly, the Government's motion for summary judgment is hereby DENIED.

This order terminates Docket No. 24.

**IT IS SO ORDERED.**

Dated: December 6, 2005

_____
MAXINE M. CHESNEY
United States District Judge

---

[1] Murray's accident reconstruction expert, James Hughes ("Hughes"), opines that the traffic light for Delrosario was red when Delrosario entered the intersection. (See Hughes Decl. ¶ 3.) If the traffic light was red when Delrosario entered the intersection, he was not lawfully in the intersection when the accident occurred. (See Cal. Veh. § 21453(a).) Defendant challenges the factual basis for Hughes's opinion.