MICHAEL S. KECK (SBN 124536)
LAW OFFICES OF C. L. KECK
1390 Market Street, Suite 228
San Francisco, CA 94102
415-861-2267 : voice
415-431-1617 : fax
email: keckmike@aol.com

Attorneys for Plaintiff JAMES MURRAY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES MURRAY,<br><br>    Plaintiff,<br><br> v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | No. C 04-3707 MMC<br>**E-FILING CASE**<br><br>**STIPULATION FOR PROTECTIVE ORDER**<br>**FOR TRADE SECRET**<br>[FRCP, Rule 26(c)(7)] |

IT IS HEREBY STIPULATED by the parties hereto, through their respective counsel that any and all financial information produced by Plaintiff JAMES MURRAY pursuant to discovery requests in this litigation, including, but not limited to:  income information; financial information; investor information; customer lists; customer contacts; correspondence; proposals; notes; memoranda; commissions or draws received and from whom; referrals paid; commission negotiations and any other writing as defined by Evidence Code §250; are " **TRADE SECRET OR OTHER CONFIDENTIAL RESEARCH** " as defined by Federal Rules of Civil Procedure, Rule 26(c)(7).

THE PARTIES FURTHER STIPULATE that a protective order is necessary that this court may issue a protective order limiting

the dissemination of the parties' respective trade secrets pursuant to Federal Rules of Civil Procedure Rule 26(c)(7) as follows:

1. The trade secret may be disseminated only to counsel for the parties, including their associate attorneys, paralegals and investigators, consultants and retained experts;

2. The parties may view disclosed trade secret only in the presence of their respective counsel, or if not in the presence of their respective counsel, at counsel's office;

3. Any party seeking to show the trade secret, or articles containing the trade secret, to any person not designated by this protective order without either the notice and consent of the owner of the trade secret or shall first obtain this court's approval to do so;

4. No articles disclosing the trade secret shall be filed or otherwise made a part of the court record available to the public without approval of the court and prior notice to the owner of the trade secret; and,

5. The court may issue other orders as it deems necessary to protect the integrity of the trade secret.

THE PARTIES FURTHER STIPULATE that any breach of this order, or disclosure, may be considered contempt of a lawful court order.

DATED: September 12, 2005

_____
MICHAEL S. KECK
Law Offices of C. L. Keck
Attorney for Plaintiff

///

///

```
1   DATED: September 23, 2005
2
3        [signature]
4   OWEN MARTIKAN
    Assistant US Attorney
5   Attorney for Defendant
6
                              IT IS SO ORDERED.
7
    DATED:                          , 2005
8
9
10  JUDGE, of the Court
```

Stipulation for Protective Order
C 04-3707 MMC                                    3

1  DATED: September 12, 2005
2
3
4  _____
   OWEN MARTIKAN
   Assistant US Attorney
5  Attorney for Defendant
6
                                    **IT IS SO ORDERED.**
7
   DATED:     FEB 2 4 2006        , ~~2005~~
8
9  _____
10 JUDGE, of the Court
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Stipulation for Protective Order
C 04-3707 MMC                                    3