UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MURRAY, | No. C-04-3707 SC |
| Plaintiff, | FINDINGS OF FACT AND CONCLUSIONS OF LAW |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## I. INTRODUCTION

Plaintiff James Murray ("Plaintiff" or "Murray") brought this action under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., against the United States of America for injuries and damages allegedly caused by the negligent driving of United States Postal Service employee Cesar Delrosario ("Delrosario"). Plaintiff seeks an award of damages for his medical bills, automobile repair bills, lost earnings, and pain and suffering.

A three-day bench trial was held on March 27, 28, and 30, 2006 on the legal and factual issues in this case.

## II. BACKGROUND

This case is about what proportion of fault each party bears for an automobile collision that occurred on April 10, 2002 at the intersection of Embarcadero and Bryant Streets in San Francisco, California.

On that date, Murray, who was driving a Porsche 911 southbound on Embarcadero, was stopped at the red light at the

1  intersection at Bryant.  Defendant's Trial Brief at 3 ("DTB");
2  Plaintiff's Proposed Findings of Fact and Conclusions of Law ¶ 5
3  ("PPFFC").  Also in Embarcadero's southbound lane, on Murray's
4  left, a hauling truck driven by Antonio Lopez ("Lopez") had
5  stopped at the intersection.  PPFFC ¶¶ 5-6.  In the farthest left
6  lane of Embarcadero, another vehicle, driven by John Miller
7  ("Miller"), was stopped at the red light.  Id. ¶ 13.

8  On Bryant, Delrosario, the United States Postal Service
9  ("U.S.P.S.") van driver, was heading westbound on Bryant behind
10 two other vehicles, which had proceeded through the intersection
11 on a flashing yellow light.  Plaintiff's Trial Brief at 2 ("PTB").
12 Delrosario testified at trial that he entered the intersection on
13 a flashing yellow light, behind those "two [other] vehicles,"
14 which were turning left from Bryant onto Embarcadero.  The
15 evidence shows that by the time these two vehicles turned left,
16 the flashing yellow had turned briefly into a steady yellow light
17 - which lasted some three seconds - and then into a red light.
18 Had he stayed where he was, Delrosario would have blocked a Muni
19 rail line and would have partially blocked the intersection.
20 Delrosario testified that he thought it best to clear the
21 intersection and so he proceeded forward.

22 Back on Embarcadero, when the light turned green, Lopez and
23 Miller moved forward and then stopped to wait for "at least two
24 [other] vehicles" on Bryant that were "still coming through the
25 intersection," those same two vehicles Delrosario was behind.
26 Id. ¶ 14.  Significantly, Lopez and Miller blocked Murray's view
27 of the left side of the intersection at this time.  After the two
28

2

1 vehicles coming from Bryant cleared the intersection, Miller again
2 moved forward on Embarcadero, but braked suddenly to avoid
3 colliding with Delrosario's van, which was travelling on Bryant
4 westbound through the intersection.  Id. ¶¶ 15, 20.  Lopez's
5 vehicle, which had also started to proceed through the
6 intersection but had stopped because of the westbound traffic,
7 "effectively blocked Murray from seeing the oncoming US Postal
8 vehicle...prior to his...colliding with it...[at its] right
9 side...behind the right front wheel."  Id. ¶¶ 17-19.  At no time
10 was Delrosario using excessive speed.

11     Officer Joseph Finnigan ("Officer Finnigan"), the San
12 Francisco Police Officer who investigated the incident and
13 testified at trial, filed a report stating that, in his opinion,
14 Murray was at fault for the accident because he had failed to
15 yield to Delrosario, who was lawfully in the intersection.

16     Murray asserts that because of this accident, in addition to
17 the damage done to the Porsche, he has sustained severe injuries
18 to his spine, causing him great pain and preventing him from
19 participating in life activities, e.g., working, sleeping,
20 spending time with his children, as often and as thoroughly as he
21 had before the accident.  PTB ¶ 36.  Murray contends that because
22 of these limitations, he has sustained substantial earning losses
23 in addition to the damage to the Porsche.  Id.

24     Specifically, Plaintiff asks for a total of $476,997.40 in
25 damages - $12,872.88 for his medical expenses, $25,124.52 for
26 property damages, $189,000.00 in lost earnings, and $250,000.00
27 for his pain and suffering.  PPFFC at 8.

28

3

### III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court finds that Defendant United States of America bears no degree of fault for the accident, which instead lies entirely with Plaintiff Murray, who, the Court finds, failed to yield to Delrosario, who was lawfully in the intersection. The Court further finds that Murray's failure to obtain an unobstructed view of the intersection resulted in his failure to yield to Delrosario.

At the heart of this case is the collision of two statutes, California Vehicle Code §§ 21451 and 21456, which urge caution on all drivers. Even a driver facing a green signal light must drive with caution and yield when necessary. "Any driver [facing a circular green signal]...shall yield the right-of-way to other traffic and to pedestrians lawfully within the intersection or an adjacent crosswalk." Cal. Vehicle Code § 21451(a). Drivers facing yellow lights must also exercise caution. "When a yellow lens is illuminated with rapid intermittent flashes, a driver may proceed through the intersection or past the signal only with caution." Cal. Vehicle Code § 21457(b).

The Court finds, crediting the testimony of Delrosario and Officer Finnigan, that Murray is <u>entirely</u> at fault for the accident because he did not yield to Delrosario who was lawfully in the intersection, having entered on a yellow light. Murray did not yield because he failed to obtain an unobstructed view of the intersection. Murray should have acted with greater caution, as California Vehicle Code § 21451(a) mandates: "[a]ny driver [facing a circular green light] <u>shall</u> <u>yield</u> the right-of-way to

4

other traffic...lawfully in the intersection" (emphasis added). Though Murray contends that he could not act with caution because other vehicles blocked his view of the U.S.P.S. truck, "shall yield" is clear and clearly directive, trumping the driver's right to proceed through an intersection in disregard of traffic lawfully in an intersection.

The Court finds that a cautious driver, noticing that drivers who had an unobstructed view of westbound traffic had halted, would not have charged ahead as Murray did. The Court finds that a cautious driver would have edged forward until he had a clear view of intersection traffic before proceeding through the intersection. Indeed, it is negligent to proceed into an intersection at a speed that makes it impossible "to yield the right of way, if necessary," Ball v. United States of America, 191 F. Supp. 467, 468 (N.D. Cal. 1961), as Murray should have yielded to Delrosario.

California has adopted the "comparative negligence standard," which calls for the assessment of liability in proportion to fault. Cal. Civ. Code § 1714. Under this standard, the Court finds that Murray brought the injury entirely upon himself by his want of ordinary care and therefore the Court finds that his proportion of fault is total. The Court finds that Defendant bears no proportion of fault.

//
//
//
//

5

**IV. CONCLUSION**

The Court finds that the United States bears no proportion of responsibility for the accident, which fully rests with Plaintiff. Accordingly, no damages will be awarded to Plaintiff.

Accordingly, the Court finds in favor of Defendant United States of America and against Plaintiff James Murray.

IT IS SO ORDERED.

Dated: April 27, 2006



UNITED STATES DISTRICT JUDGE