UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES MURRAY, | ) | No. C-04-3707 SC |
| | ) | |
| Plaintiff, | ) | ORDER DENYING |
| | ) | PLAINTIFF'S MOTION |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## I. INTRODUCTION

Plaintiff James Murray ("Plaintiff" or "Murray") brought this action under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., against the United States of America for injuries and damages allegedly caused by the negligent driving of United States Postal Service employee Cesar Delrosario ("Delrosario").

A three-day bench trial was held on March 27, 28, and 30, 2006 on the legal and factual issues in this case. As stated in its Findings of Fact and Conclusions of Law ("Findings"), the Court found that Murray was entirely at fault for the accident.

Presently before the Court is Murray's motion for a new trial or to amend the Findings of Fact and Conclusions of Law, pursuant to Federal Rule of Civil Procedure 59.

For the reasons stated herein, the Court DENIES Murray's motion.

**II. BACKGROUND**

The Court found that Defendant United States of America bore no degree of fault for the accident, which instead lay entirely with Plaintiff Murray, who, the Court found, failed to duly yield to Delrosario, who was lawfully in the intersection.[1]

Plaintiff has filed this motion, alleging that the Court made certain errors of fact and law.

**III. STANDARD OF REVIEW**

"There are three grounds for granting new trials in court-tried actions under Rule 59(a)(2):  (1) manifest error of law; (2) manifest error of fact; and (3) newly discovered evidence." Brown v. Wright, 588 F.2d 708, 710 (9th Cir. 1978).

**IV. DISCUSSION**

Murray puts forth five contentions in his motion.  The Court will address each in turn.

    A.   The Court's Reliance on Ball v. United States is Not Misplaced

Murray contends that the Court's reliance on Ball v. United States, 191 F. Supp. 467, 468 (N.D. Cal. 1961) is "in error" because Ball is based on California Vehicle Code § 21755, "which governs overtaking and passing vehicles on the right only under conditions permitting such movement in safety.  Said case did not address California Vehicle Code § 21451 [one statute at issue in the instant case] and the obligations of a driver facing a circular green signal."  Plaintiff's Memorandum in Support of Motion for a New Trial at 1-2 ("Pl's. Mem.").

---

[1] A detailed statement of the facts is in the Court's Findings of Fact and Conclusions of Law.  See Docket No. 82.

In the Findings, the Court stated that "it is negligent to proceed into an intersection at a speed that makes it impossible 'to yield the right of way, if necessary,' <u>Ball v. United States</u>...as Murray should have yielded to Delrosario." Findings of Fact and Conclusions of Law at 5 ("FF").

Murray's contention is not a ground for a new trial or for amending the judgment. The Court did not rely on <u>Ball</u> for its exposition of a section of the California Vehicle Code, but rather for its general statement that drivers must travel at a reasonable speed in order to yield to other drivers if necessary. As one of <u>Ball</u>'s cited authorities states:

> The operator of an automobile is bound to anticipate that he may meet persons or vehicles at any point of the street, and he must in order to avoid a charge of negligence, keep a proper lookout for them and keep his machine under such control as will enable him to avoid a collision.

<u>Huetter v. Andrews et al.</u>, 91 Cal. App. 2d 142, 146 (Cal. Ct. App. 1949) (citation and quotation marks removed).

The Court finds no reason to order a new trial or amend the judgment based on this contention.

    B. <u>The Court's Use of "Charging" Is Not a Ground for a New Trial or a Reason to Amend the Judgment</u>

Murray contends that the Court's "description of Murray's movement just prior to impact as 'charging ahead' [] is not supported by the facts and ignores the testimony" of a witness and the accident reconstruction experts. Pl's. Mem. at 2.

In bench trials, it is the judge's duty to weigh the evidence, assess the credibility of witnesses, and decide questions of fact and issues of law. See <u>Cabrera v. Jakabovitz</u>, 24 F.3d 372, 380 (2d Cir. 1994).

3

1    Plaintiff's contention is not a ground for a new trial or for
2 amending the judgment.  By "charging ahead" the Court meant,
3 acting in its role as fact-finder, that it found that Murray drove
4 at a negligently high speed.  This finding is supported by the
5 fact that Murray collided with the postal vehicle, not the postal
6 vehicle with him.  Furthermore, the Court found it significant
7 that Murray's vehicle struck the postal vehicle not at its front,
8 but rather at its middle.  Had Murray struck the vehicle's front,
9 it might well indicate that Delrosario was travelling at a speed
10 that made it impossible for Murray to avoid colliding with
11 Delrosario.  It might also indicate that Murray was not travelling
12 at a negligently high speed.  Yet, this is not what happened.
13 Murray's striking the middle of the vehicle indicates that he was
14 indeed "charging ahead" at a negligent speed, depriving himself of
15 sufficient reaction time.

16    In his third and similar contention, Murray declares that the
17 Court's "findings charge plaintiff with failing to notice that the
18 vehicles to his left had halted (impliedly after starting to move
19 forward) and would not have "charged ahead".  [sic]  This finding
20 completely ignores the testimony of both reconstruction experts
21 that it would take 1.5 and 2 seconds to perceive and react to an
22 event."  Pl's. Mem. at 2.

23    The Court finds that Murray's contention is not a ground for
24 a new trial or to amend the judgment.  In fulfilling its duty as
25 the trier of fact, the Court duly considered the testimony of both
26 reconstruction experts.  After weighing all the evidence, and
27 paying particular attention to the testimony of Delrosario and
28

4

1 Plaintiff and to the facts discussed above, the Court determined
2 that the question was not whether Plaintiff had time to react, but
3 whether he should have proceeded at all.  The Court's answer to
4 this question was that because Plaintiff's view of traffic was at
5 all relevant times blocked by the vehicles to his left, it was
6 negligent for Plaintiff to move forward.

      C.   <u>The Court Did Not Ignore the Testimony of the Reconstruction Experts</u>

    Murray contends that the Court's "findings are made without reference to the testimony of plaintiff's expert James Hughes, who was completely unrebutted by defendant's expert, Rajeev Kelkar, on the issue of the velocity of the US Postal vehicle."  Pl.'s Mem. at 2.

    The Court finds that Murray's contention is not a ground for a new trial or to amend the judgment.  The Court duly considered the testimony of Hughes and Kelkar, as well as the testimony of Murray and Delrosario.  After weighing all the evidence, and paying particular attention to the testimony of Delrosario, the Court found that Delrosario was at no time using excessive speed and that he was lawfully in the intersection.  (Also, as stated above, that Murray struck the vehicle at the center of its side indicates that he was travelling at a negligently high speed.)  Though the Court's Findings did not refer directly to the testimony of Hughes and Kelkar, this evidence was duly weighed and considered by the Court.

//
//
//

### D. Plaintiff's Case Citations Do Not Provide a Basis for Granting the Motion

Plaintiff Murray contends that the Court and Defendant failed to distinguish legal authority cited by Plaintiff in his proposed findings of fact and conclusions of law. Pl's. Mem. at 3.

Specifically, Murray cites <u>Bady v. Detwiler, et al.</u>, 127 Cal. App. 2d 321 (Cal. Ct. App. 1954) as an instance of this. In <u>Bady</u>, two drivers collided in an intersection because a faulty traffic signal displayed "GO" to each driver. <u>Id</u>. at 324. Murray quotes the following from <u>Bady</u>: "A reasonable prudent person approaching an intersection with a 'Go' signal naturally assumes that traffic approaching on the intersecting street will stop...The law did not impose the duty on either Perkins or Mrs. Detwiler to anticipate negligence on the part of the other." <u>Id</u>. at 338. Significantly, Plaintiff omits two sentences, one that falls where the ellipses are interposed ("Neither driver had any notice of the defective and dangerous condition of the signals") and the other after the full stop: "The lookout required cash [<u>sic</u>] of them was such as a reasonable person would maintain." <u>Id</u>.

These omissions highlight the distinguishing features of the instant case and <u>Bady</u>. In <u>Bady</u>, it was unclear which driver - if either - had the "true" green light - the defective traffic signal made it impossible to tell - and therefore it was unclear who had to yield to whom. A driver facing a green signal light is not expected to consider whether a driver travelling perpendicular to him also faces a green light.

In the instant case, Murray was not misled as to his duty by a faulty traffic light. Even though the green light authorized

6

1   Murray to move forward, he was still bound to, as <u>Bady</u> put it,
2   maintain a lookout such as a reasonable person would maintain.  In
3   the instant case, though he faced a green light, Murray had the
4   obligation to yield to traffic lawfully in the intersection.
5       This obligation is summarized by another case Murray cites,
6   <u>Freeman v. Churchill</u>, 30 Cal. 2d 453 (Cal. 1947).  The <u>Freeman</u>
7   court determined that the defendant was lawfully in the
8   intersection, a factual finding that placed defendant within the
9   ambit of the plaintiff's duty to "lookout for traffic lawfully on
10  the highway."  <u>Id</u>. at 459.  In the instant case, the Court found
11  that Delrosario was lawfully in the intersection and therefore
12  Plaintiff Murray had a duty to look out for, and yield to, him.
13      <u>Freeman</u> cites another case Murray lists in his papers, <u>Taylor
14  v. Sims</u>, 72 Cal. App. 2d 60 (Cal. Ct. App. 1945).  Plaintiff
15  quotes a valuable - and self-defeating - passage from <u>Taylor</u>:
16  "The driver proceeding pursuant to the 'Go' signal is not to be
17  deemed negligent because he fails to maintain a lookout for a
18  vehicle which might enter the intersection in violation of the
19  signal."  <u>Id</u>. at 64 (citations removed).  On these facts, <u>Taylor</u>
20  is inapposite to the instant case - the Court determined that
21  Delrosario was lawfully in the intersection and therefore Murray
22  had a duty to maintain a lookout for him.
23  //
24  //
25  //
26  //
27  //
28

7

**V.     CONCLUSION**

The Court finds no reason to order a new trial or to amend the judgment.  Specifically, under Rule 59, the Court finds that there was no manifest error of law or fact or any newly-discovered evidence that would support the granting of Plaintiff's motion.

Accordingly, the Court DENIES Plaintiff's motion.


IT IS SO ORDERED.


Dated: June 19, 2006

_____
UNITED STATES DISTRICT JUDGE